UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| AGUSTIN ANTONIO HICIANO NUNEZ and JOSE AYENDE, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> -against- <br><br> 2103 HONEYWELL LLC, LINEAGE PROPERTIES LLC, EPHRAIM FRUCHTHANDLER, and ELI FRUCHTHANDLER, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** <br><br><br> **Collective Action and Class Action Complaint** |

Plaintiffs AGUSTIN ANTONIO HICIANO NUNEZ ("Nunez") and JOSE AYENDE ("Ayende") individually and on behalf of others similarly situated by and through their attorneys, FISHER TAUBENFELD LLP, allege against Defendants 2103 Honeywell LLC ("Honeywell"), LINEAGE PROPERTIES LLC ("Lineage"), EPHRAIM FRUCHTHANDLER ("Ephraim"), and ELI FRUCHTHANDLER ("Eli") (the "Individual Defendant") as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction).  Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this District because Defendants conduct business in this District, and the Corporate Defendants reside in this District.

**THE PARTIES**

3.     Defendant Honeywell is a domestic limited liability company organized and existing under the laws of the State of New York and maintains its principal place of business at 2103 Honeywell Avenue, Bronx, New York 10460.

4.     Defendant Lineage is a domestic limited liability company organized and existing under the laws of the State of New York and maintains its principal place of business at 1 State Street, New York 10006.

5.     Upon information and belief, at all times relevant hereto, each Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning individual and collectively gross annual sales over $500,000.

6.     The Corporate Defendants own and/or manage various buildings in the State of New York, including buildings located at 2103 Honeywell Avenue, Bronx, NY 10460 and 2115 Honeywell Avenue, Bronx, NY 10460.

7.     At all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

8.     Plaintiffs and Defendants' other employees regularly handled and used tools and equipment that were moved in or produced for interstate commerce.

9.     At all relevant times hereto, Plaintiffs were engaged in interstate "commerce" within the meaning of the FLSA.

10.     Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

11.     At all relevant times hereto, Defendants have employed "employee[s]," including Plaintiffs.

12.     At all relevant times hereto, Defendants have been Plaintiffs' employers within the meaning of the New York Labor Law ("NYLL") §§ 2 and 651.

13.     Each Plaintiff is an adult individual who has been employed by Defendants within the last six (6) years.

14.     Upon information and belief, each Individual Defendant resides in the State of New York and is an owner, manager, and/or employee of the Corporate Defendants.

15.     Upon information and belief, each Individual Defendant makes and/or made hiring and firing, scheduling, and payroll decisions and maintains pay records on behalf of the Corporate Defendants.

16.     Each Individual Defendant is a natural person engaged in business in the State of New York, who is sued individually in his capacity as an owner, agent, employee or officer of the Corporate Defendants.

17.     Each Individual Defendant exercises operational control over the Corporate Defendants' operations.

18.     At all relevant times, all Defendants have been Plaintiffs' employer within the meaning of the FLSA and NYLL.

19.     The Individual Defendants, as one of the ten largest shareholders of the Corporate Defendant, each is individually responsible for unpaid wages under the New York Business Corporation Law (**Exhibit 1**).

20.     Each Individual Defendant created and enforced policy for the Corporate Defendants, including the employee pay policies and work schedules. All personnel and operational decisions were made or approved by the Individual Defendant.

21.     Each Individual Defendant is Plaintiffs' employers under the FLSA and NYLL and is individually liable to Plaintiffs.

## NATURE OF THE ACTION

22.     Plaintiffs bring this action on behalf of (a) themselves and other similarly situated employees who have worked for the Defendants on or after the date that is three (3) years before the filing of this Complaint pursuant to the FLSA; and (b) themselves and other similarly situated employees on or after the date that is six (6) years before the filing of this Complaint pursuant to the NYLL and the New York Commissioner of Labor's Wage Orders codified at 12 N.Y.C.R.R. 142 *et seq.*, based upon the following acts and/or omissions:

   i. Defendants' failure to pay proper minimum wages under state law to Plaintiffs;

   ii. Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiffs who worked in excess of forty (40) hours per week;

   iii. Defendants' failure to provide Plaintiffs with a wage notice or proper paystubs as required by NYLL § 195;

   iv. Defendants' failure to timely pay Plaintiffs in accordance with NYLL § 191; and

   v. Defendants' failure to pay straight time wages as a result of not reimbursing Plaintiffs for their purchases of tools and materials.

## FACT ALLEGATIONS

23.     At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiffs have been and continue to be economically injured.

24.     Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### *Minimum Wage and Overtime Pay Violations as to Plaintiff Nunez*

25.     Plaintiff Nunez worked for Defendants from September 2016 until August 2020 working at the buildings located at 2103 and 2115 Honeywell Avenue.

26.     Plaintiff Nunez performed handyman work.

27.     For the first two years of Plaintiff Nunez's employment, he worked Monday through Friday and also Sunday.

28.     Approximately two years into Plaintiff Nunez's employment he stopped working Sundays and only worked from Monday through Friday.

29.     Plaintiff Nunez's formal schedule was 8:00 a.m. until 5:00 p.m. with an hour lunch break.  However, Plaintiff Nunez regularly worked more than hours than scheduled.

30.     Plaintiff Nunez began his day at 7:45 a.m. to prepare materials for his work.

31.     Plaintiff Nunez also regularly did not get his full 1 hour lunch break and at least twice a week only took a 20-40 minute break.  Sometimes Plaintiff Nunez could not take lunch at all.

32.     Plaintiff Nunez also worked past his schedule when necessary.  He would regularly stay late working with the buildings' superintendent and worked at late as 10:00 p.m. three or four times a month.

33.     Defendants paid Plaintiff Nunez a set salary.

34.     Defendants paid Plaintiff Nunez approximately $450 a week for his first year.

35.     In and about September 2017, Defendants raised Plaintiff Nunez's salary to $560 weekly.

36.     In and about January 2019, Defendants raised Plaintiff Nunez's salary to $640 weekly.

37.     In and around December 2019, Plaintiff Nunez's salary increased to $700.

38.     Defendants never paid Plaintiff Nunez an overtime premium of time-and-a-half for each of his overtime hours.

### Minimum Wage and Overtime Pay Violations as to Plaintiff Ayende

39.     Plaintiff Ayende worked for Defendants from in or about 2013 until the middle of February 2020 with a six-month break in 2016.

40.     Plaintiff Ayende performed handyman work.

41.     For the first one and a half or two years of Plaintiff Ayende's employment, he worked Monday through Friday and also Sunday.

42.     In 2018, Plaintiff Ayende stopped working Sundays and only worked from Monday through Friday.

43.     Plaintiff Ayende's formal schedule was 8:00 a.m. until 5:00 p.m. with an hour lunch break.  However, Plaintiff Ayende regularly worked more than hours than scheduled.

44.     Plaintiff Ayende began his day at 7:45 a.m. to prepare materials for his work.

45.    Plaintiff Ayende also regularly did not get his full 1 hour lunch break and approximately 8-10 times a month could not take his full break.

46.    Plaintiff Ayende also worked past his schedule when necessary.  He would stay late working with the buildings' superintendent four or five times a month (although more on some occasions) and worked at late as 10:00 p.m. on occasion.

47.    Defendants paid Plaintiff Ayende a weekly salary.

48.    Plaintiff Ayende received $400 weekly until he stopped working for Defendants in 2016.

49.    Upon Plaintiff Ayende's return that year, Defendants paid him $600 weekly.

50.    In 2017, Defendants raised Plaintiff Ayende's weekly pay to $700.

51.    In late 2019, Defendants raised Plaintiff Ayende's weekly pay to $800.

52.    Except for a short period of time at the end of his employment, Defendants failed to pay Plaintiff Ayende an overtime premium of time-and-a-half for each of his overtime hours.

### *Defendants' Violations of NYLL § 195*

53.    Defendants have failed to provide Plaintiffs with a wage notice in compliance with NYLL § 195.

54.    Defendants did not at any time provide Plaintiffs with a notice specifying their rate of pay, the basis of pay, allowances, if any, claimed against the minimum wage (e.g., tips, meals, lodging) or the identification of their regular pay day.

55.     Defendants also failed to provide Plaintiffs with proper wage statements stating, among other things, the number of overtime hours they worked or their hourly rate for overtime hours.

### Defendants' Failure to Reimburse Plaintiffs for Their Purchases of Tools and Materials.

56.     Defendants violated the NYLL by failing to reimburse Plaintiffs for their purchases of tools and materials necessary to perform their handyman work.

57.     Plaintiffs were required to purchase tools and materials to perform their job.

58.     Defendants failed to reimburse them for those tools and materials and therefore violated the NYLL.

### Defendants' Failure to Timely Pay Plaintiffs.

59.     For most of Plaintiffs' employment, Defendants paid their salary weekly.

60.     In and about the middle of 2019, Defendants began paying Plaintiffs on a biweekly basis.

### Defendants' Termination of Plaintiffs for Complaining About Not Getting Paid Overtime Pay For Each of Their Overtime Hours.

61.     Throughout Plaintiffs' employment, they regularly complained to Defendants about not getting paid for the extra hours.

62.     In and about late January 2020, Plaintiffs complained to Joey [LNU], Plaintiffs' manager, to complain about working overtime without getting paid for all their hours at the proper rate.

63.     In response, a few weeks later, Defendants terminated Plaintiffs' employment in retaliation for Plaintiffs' complaints.

## COLLECTIVE ACTION ALLEGATIONS

64.     Defendants' failure to comply with the FLSA extended beyond the Plaintiffs to all other similarly situated employees insofar as Defendants had a policy to pay their employees at their regular rate for the hours they worked in excess of 40.

65.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated current and former non-exempt employees of Defendants pursuant to 29 U.S.C. § 216(b).

66.     The consent to sue forms for Plaintiffs are attached hereto as **Exhibit 2**.

67.     Upon information and belief, there are at least 40 current and former employees who have been denied proper overtime wage compensation while working for Defendants.

68.     At all relevant times, Plaintiffs and others who are and/or have been similarly situated, were paid by Defendants in similar ways, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek.  The claims of Plaintiffs stated herein are similar to those of the other employees.

69.     In bringing this action, Plaintiffs are representative of and are acting on behalf of the interests of other current and former non-exempt employees who have worked for Defendants within the last three (3) years.

## CLASS ACTION ALLEGATIONS UNDER FED.R.CIV.P.23(b)(3) FOR VIOLATIONS OF THE NYLL

70.     Plaintiffs bring this action on behalf of themselves and all other non-exempt persons who were or are employed by the Defendants but who did not receive compensation required by the NYLL in respect to their work for the Defendants.

71.     Upon information and belief, this class of persons consists of no fewer than 40 employees, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

72.     There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiffs by the Defendants is subject to the jurisdiction and the wage and overtime requirements of the NYLL.

73.     The claims of Plaintiffs are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of the Defendants.

74.     Plaintiffs will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

75.     A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

76.     Plaintiffs bring the second through sixth claims for relief herein on behalf of themselves and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P.23, in respect to all claims that Plaintiffs and all persons similarly situated have against the Defendants as a result of the Defendants' violations under the NYLL.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime Wage Violations)

77.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

78.     Throughout the statute of limitations period covered by these claims, Plaintiffs and others similarly situated regularly worked in excess of forty (40) hours per workweek.

79.     At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiffs and others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

80.     Plaintiffs seek damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (NYLL Overtime Wage Violations)

81.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

82.     New York law prohibits an employer from permitting an employee to work without paying overtime wages for all hours worked in excess of forty (40) in any workweek.

83.     Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly have failed to pay Plaintiffs and others

similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

84.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and others similarly situated have sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (NYLL Minimum Wage Violations)

85.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

86.     Defendants knowingly and willfully paid the Plaintiffs and others similarly situated less than the minimum wage in violation of NYLL § 652 and the supporting regulations of the New York State Department of Labor.

87.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
### (NYLL Failure to Notify)

88.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

89.     Pursuant to §195(1) of the NYLL, within ten business days of Plaintiffs and other similarly situated employee's hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

90.     Pursuant to §195(3) of the NYLL, Defendants were required to provide to Plaintiffs and others similarly situated a wage statement containing, *inter alia*, a record of each overtime hour worked and the employee's overtime rate of pay.

91.     Defendants failed to provide Plaintiffs and others similarly situated with a notice or proper wage statements in accordance with §195 of the NYLL.

92.     As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and others similarly situated have sustained damages and seek damages in accordance with §198 of the NYLL for each week Defendants failed to provide such notice and wage statement, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (NYLL Tools of the Trade Violations)

93.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

94.     New York law prohibits an employer from requiring an employee to purchase items necessary to perform his or her job without reimbursement.

95.     Defendants violated Plaintiffs and others similarly situated to purchase tools and materials to perform their job and failed to reimburse them.

96.    Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly have failed to reimburse Plaintiffs and others similarly situated for their purchase of tools and materials.

97.    As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs and others similarly situated have sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL §§ 198 and 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CLAIM FOR RELIEF
### (NYLL Failure to Timely Pay Wages)

98.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

99.    New York State labor law § 191 requires that a manual laborer be paid no less frequently than once a week.

100.   At the end of Plaintiffs' employment, Defendants unlawfully paid them once every other week.

101.   Defendants willfully and intentionally made these untimely payments in violation of the NYLL and supporting Department of Labor Regulations.

102.   As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiffs have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

14

## SEVENTH CLAIM FOR RELIEF
### (NYLL Retaliation)

103.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

104.    New York State Labor Law § 215 prohibits an employer from terminating or disciplining an employee because" such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter."

105.    In committing the above-mentioned retaliatory acts, Defendants have discharged and retaliated against Plaintiffs for making a complaint that Defendants violated the NYLL

106.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, each Plaintiff has sustained damage and seeks recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 215 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## EIGHTH CLAIM FOR RELIEF
### (FLSA Retaliation)

107.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

108.    29 U.S.C. § 215 prohibits employers from "discharg[ing] or in any other manner discriminat[ing] against . . . any employee because such employee has filed any complaint or instituted . . . any proceeding under or related to this chapter."

15

109.    In committing the above-mentioned retaliatory acts, Defendants have discharged and retaliated against Plaintiffs for making a complaint that Defendants violated the FLSA.

110.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, each Plaintiff has sustained damage and seeks recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by FLSA § 216 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment for:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Plaintiffs' costs and reasonable attorneys' fees; and

E. Any relief the Court deems just and proper.

Dated: January 21, 2021
        New York, New York

Respectfully submitted,

Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFFS*

# EXHIBIT 1

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES

TO:   2103 HONEYWELL LLC & LINEAGE PROPERTIES LLC

PLEASE TAKE NOTICE that AGUSTIN NUNEZ & JOSE AYENDE, as employees of the above corporation who intends to demand, pursuant to the provisions of Section 609 of the New York Limited Liability Law, payment of debts, wages and/or salaries due and owing to her as a laborer, servant and/or employee of the above business corporation for services performed by her for the above business corporation within the six (6) years preceding the date of this notice from the ten largest shareholders of the above business corporation, and who has expressly authorized the undersigned, as her attorney, to make this demand on her behalf,

HEREBY DEMANDS the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and record of shareholders of the above business corporation and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: January 21, 2021
       New York, New York

                    FISHER TAUBENFELD LLP

                    _____
                    Michael Taubenfeld
                    225 Broadway, Suite 1700
                    New York, New York 10007
                    Phone: (212) 571-0700
                    Facsimile: (212) 505-2001
                    *ATTORNEYS FOR PLAINTIFF*

**NOTICE OF INTENTION TO ENFORCE MEMBER LIABILITY FOR
SERVICES RENDERED**

TO:   EPHRAIM FRUCHTHANDLER and ELI FRUCHTHANDLER

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 609 of the New York Limited
Liability Law, you are hereby notified that AGUSTIN NUNEZ and JOSE AYENDE intends to charge
you and hold you personally liable as one of the ten largest shareholders of 2103 HONEYWELL
LLC & LINEAGE PROPERTIES LLC for all debts, wages, and/or salaries due and owing to her as
a laborer, servant and/or employee of the said business corporation for services performed by her
for the said business corporation within the six (6) years preceding the date of this notice and has
expressly authorized the undersigned, as her attorney, to make this demand on her behalf.

Dated: January 21, 2021
          New York, New York

                                     FISHER TAUBENFELD LLP

                                     Michael Taubenfeld
                                     225 Broadway, Suite 1700
                                     New York, New York 10007
                                     Phone: (212) 571-0700
                                     Facsimile: (212) 505-2001
                                     *ATTORNEYS FOR PLAINTIFF*

# EXHIBIT 2

**AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO**

Soy un individuo que fue empleado de Lineage Properties LLC., o de entidades relacionadas.

Autorizo ser demandante en una acción para recolectar sueldos impagos.  Acepto cumplir con los

términos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

Agustin A. Hiciano
NOMBRE

_____
FIRMA

Jan 04,2021
FECHA

## <u>CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT</u>

I am an individual who was formerly employed by Lineage Properties LLC., and/or related entities.

I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms

of the Professional Services Agreement signed by me in this case.

_____
SIGNATURE

___1/4/21_____
DATE


I hereby declare that I am fluent in both the Spanish and English languages and that English
translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue
form signed by Agustin Nunez.

_____
MATTHEW VASQUEZ

## AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO

Soy un individuo que fue empleado de Lineage Properties LLC., o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos. Acepto cumplir con los términos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

Jose L. Ayende
NOMBRE

*José L Ayende*
FIRMA

Jan 18,2021
FECHA

## **CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT**

I am an individual who was formerly employed by Lineage Properties LLC., and/or related entities.

I consent to be a plaintiff in an action to collect unpaid wages.  I agree that I am bound by the terms

of the Professional Services Agreement signed by me in this case.

_____
SIGNATURE

_____
DATE  1/18/21


I hereby declare that I am fluent in both the Spanish and English languages and that English
translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue
form signed by Jose Ayende.

*matthew vasquez*
MATTHEW VASQUEZ