```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/14/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AGUSTIN ANTONIO HICIANO NUNEZ, and
JOSE AYENDE, individually and on behalf of
others similarly situated,

                Plaintiffs,

-against-

2103 HONEYWELL LLC, LINEAGE
PROPERTIES, EPHRIAM FRUCHTHANDLER,
and ELI FRUCHTHANDLER,

                Defendants.

1:21-cv-601-MKV

ORDER

MARY KAY VYSKOCIL, United States District Judge:

       The Court is in receipt of a communication that mediation in this case between Plaintiffs Agustin Antonio Hiciano Nunez and Jose Ayende and Defendants 2103 Honeywell LLC, Ephraim Fruchthandler, and Eli Fruchthandler (the "Parties") was held and was successful. Accordingly, the Initial Pre-Trial Conference currently scheduled for March 16, 2022 is hereby adjourned *sine die*. Because Plaintiff's Complaint asserts claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, judicial approval is required before settlement. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (holding that FLSA settlements require the approval of either the district court or the United States Department of Labor). "In deciding whether to approve a stipulated settlement, the Court must scrutinize the settlement for fairness." *Boucaud v. City of New York*, No 07-cv-11098 (RJS), 2010 WL 4813784, at *1 (S.D.N.Y. Nov. 16, 2010).

       Accordingly, IT IS HEREBY ORDERED that the Parties shall provide the Court with a copy of the settlement agreement by April 20, 2022.

IT IS FURTHER ORDERED that, by April 20, 2022, the parties shall submit a joint letter to the Court explaining why the proposed settlement reflects a "fair and 'reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Mosquera v. Masada Auto Sales, Ltd.*, No. 09-cv-4925 (NGG), 2011 WL 282327, at *1 (E.D.N.Y. Jan. 25, 2011)). Specifically, the parties should address the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Id.* (quoting *Medley v. Am. Cancer Soc.*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). The letter must also address whether there is a *bona fide* dispute as to the number of hours worked or the amount of compensation due and how much of the proposed settlement Plaintiff's attorney shall be seeking as fees. *Cheeks*, 796 F.3d at 203, 206. Absent special circumstances, the Court will not approve any settlement agreement that is filed under seal or in redacted form. *Id.* at 206.

IT IS FURTHER ORDERED that on or before April 20, 2022, Plaintiffs shall move for default judgment with respect to Defendant Lineage Properties LLC. Plaintiffs are directed to follow the procedures applicable to default judgments under the Court's Individual Rules and Practices for Civil Cases, available at the Court's website. Failure to move for a default judgment by April 20, 2022 may result in dismissal of this action against Defendant Lineage Properties LLC for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

**SO ORDERED.**

**Date: March 14, 2022**
      **New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**