**EXHIBIT 2**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between AGUSTIN ANTONIO HICIANO NUNEZ ("Nunez"), JOSE AYENDE ("Ayende," and together with Nunez, where appropriate, as "Plaintiffs"), and 2103 HONEYWELL LLC, EPHRAIM FRUCHTHANDLER, and ELI FRUCHTHANDLER (all collectively as "Defendants"), together with any successors, affiliates including Lineage Properties LLC, assigns, administrators, executors, officers, directors, agents, and shareholders thereof, in their own respective capacity as such, are hereinafter sometimes collectively referred to as "Defendants Released Parties" (Defendants and Plaintiffs together, where appropriate as the "Parties");

**WHEREAS**, on or about January 22, 2021, Plaintiffs initiated legal action against Defendants in the United States District Court for the Southern District of New York (the "Court"), entitled *Nunez et al v. 2103 Honeywell LLC, et al.*, 21-cv-601 (MKV) (the "Action"), in which Plaintiffs alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); and,

**WHEREAS**, in the Complaint, Plaintiffs have alleged, among other things, that Defendants failed to pay them overtime wages, minimum wages, and retaliated against them in connection with services that they performed on Defendants' behalf; and,

**WHEREAS**, Defendants deny all liability and all allegations of wrongdoing made by Plaintiffs and the Court has not made any findings with respect to the merits of any of the claims asserted in the Complaint or otherwise; and,

**WHEREAS**, the Parties desire to resolve all disagreements between them, including those asserted in the Complaint, in an amicable manner without the expense and aggravation of further litigation and without admission of liability or wrongdoing by anyone;

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

**1.     Consideration:** The Parties are entering into this Agreement in exchange for good and valuable consideration. Plaintiffs agree that they will not seek any further consideration from Defendants, including any monetary payment, beyond that which is set forth in Paragraph 2 below, in relation to the released claims in Paragraph 4 below. In addition, Plaintiffs agree that the amount being paid to them represents all alleged unpaid overtime, minimum wages, spread of hours compensation, and other alleged damages relating to the FLSA and the NYLL claims from the

commencement of their employment with Defendants to the present, including interest, monetary penalties, liquidated damages, and attorneys' fees and costs.

## 2. **Settlement Amount and Payment:**

a. As a full settlement and final satisfaction of the FLSA and the NYLL claims that Plaintiffs have, had, or may have against Defendants, and in consideration for the agreements and obligations set forth herein, including, but not limited to, the limited release set forth in Paragraph 4 below, Defendants agree to pay Plaintiffs and their counsel the total sum of One-Hundred-Sixty-Seven-Thousand Five Hundred Dollars and Zero Cents ($167,500.00) ("Settlement Amount"). Within thirty (30) days of the Court granting Plaintiffs' Motion for Settlement Approval of a Fair Labor Standards Act Case ("Motion for FLSA Approval"), and entering the Parties' Stipulation of Dismissal with Prejudice, attached hereto as Exhibit A, or by dismissing the case with prejudice against Defendants through any other means, Defendants will pay the Settlement Amount as follows:

   i. A check made payable to "AGUSTIN ANTONIO HICIANO NUNEZ" in the gross amount of Twenty-Five-Thousand Seven-Hundred Sixty-Six Dollars and Zero Cents ($25,766.00), representing payment of alleged unpaid wages, less applicable federal, state, and local tax withholdings and deductions, reportable on an IRS Form W-2;

   ii. A check made payable to "AGUSTIN ANTONIO HICIANO NUNEZ" in the total amount of Twenty-Five-Thousand Seven-Hundred Sixty-Six Dollars and Zero Cents ($25,766.00), representing payment of alleged liquidated damages, statutory penalties, and interest, reportable on an IRS Form 1099;

   iii. A check made payable to "JOSE AYENDE" in the gross amount of Twenty-Nine-Thousand Five-Hundred Seven Dollars and Sixty Cents ($29,507.60), representing payment of alleged unpaid wages, less applicable federal, state, and local tax withholdings and deductions, reportable on an IRS Form W-2;

   iv. A check made payable to "JOSE AYENDE" in the total amount of Twenty-Nine-Thousand Five-Hundred Seven Dollars and Sixty Cents ($29,507.60), representing payment of alleged liquidated damages, statutory penalties, and interest, reportable on an IRS Form 1099;

   v.  A check made payable to "FISHER TAUBENFELD LLP" in the amount of Fifty-Six-Thousand Nine Hundred Fifty-Two Dollars and Eighty Cents ($56,952.80), representing attorneys' fees and disbursements, reportable on an IRS Form 1099.

  b.  The payments set forth in this Paragraph shall be delivered to Fisher Taubenfeld LLP, 225 Broadway, Suite 1700, New York, New York 10007.

  c.  Prior to Defendants paying the Settlement Amount, Defendants shall receive fully executed IRS Form W-4s and IRS Form W-9s from Plaintiffs and a fully executed IRS Form W-9 from Plaintiffs' attorneys. In the event any of the Plaintiffs fails to provide these documents, Defendants shall not pay the Settlement Amount to that Plaintiff but shall timely pay the Settlement Amount to any Plaintiff or Plaintiffs' counsel if either of them provided the documents required by this Paragraph.

  d.  Plaintiffs agree and affirm that the Settlement Amount described in this Paragraph shall constitute the entire amount of monetary consideration provided to Plaintiffs and Plaintiffs' legal counsel, and is inclusive of any claim for attorneys' fees, costs, interest, liquidated damages, penalties and/or other expenses. Except as provided in this Agreement, no other payments are owed to Plaintiffs relating to their FLSA and NYLL claims.

  e.  Defendants agree that the Court may retain jurisdiction over this Action to enforce this Agreement and the payments set forth in this Paragraph.

  f.  All Defendants shall be jointly and severally liable for all payments made under this Agreement.

  **3.**  **Release of All Fair Labor Standards Act and New York Labor Law Related Claims:** Plaintiffs knowingly and voluntarily releases and forever discharges the Defendants Released Parties of and from any and all claims asserted or unasserted, known and unknown, that were pled or could have been pled, which arise from the non-payment of wages for hours worked, minimum wage, overtime wage, break time, tips, missed meal or rest periods, tools of the trade violations, statutory penalties, spread of hours pay, or violations of any and all laws concerning hours worked or payment of wages or overtime, including, without limitation, claims under the FLSA, the NYLL, and their respective regulations, including losses, damages, expenses, remedies, obligations, costs, attorneys' fees, liabilities, and/or demands, known and unknown, which Plaintiffs have or may have against the Defendants Released Parties as of the date this Agreement is fully executed. Plaintiffs hereby completely releases all wage and hour claims against Defendants and releases and forever discharges Defendants with prejudice to the fullest extent permitted by law from all actions, claims, and/or causes of action which Plaintiffs, Plaintiffs' heirs,

executors, administrators, successors, and/or assigns may now have or hereafter can, shall, or may have against Defendants from the beginning of time up to and including the day of the date of this Agreement for any alleged violation of the FLSA, 29 U.S.C. § 201 *et seq.*, the NYLL, and their respective governing regulations. Plaintiffs also agree to release Defendants Released Parties from any claims asserted in Plaintiffs' Complaint.

**4.** **Covenant Not to Sue and Breach Provision:** Plaintiffs agree not to file a lawsuit or commence any other legal proceeding against Defendants concerning any matter released in this Agreement. If Plaintiffs breach this Paragraph, as determined by a Court of competent jurisdiction, Defendants shall be entitled to recover their costs, including reasonable attorneys' fees, relating to Defendants' enforcement of this Agreement and/or defense of such claims, provided that Defendants are a prevailing party. Similarly, should Defendants fail to timely pay the Settlement Amount, Plaintiffs shall be entitled to recover their costs, including reasonable attorneys' fees, relating to Plaintiffs' enforcement of this Agreement, provided that Plaintiffs are a prevailing party.

**5.** **Filing of Stipulation of Dismissal with Prejudice:** Defendants hereby authorize their counsel to execute a Stipulation of Dismissal with Prejudice on their behalf, which will be held in escrow by Plaintiffs' counsel. Plaintiffs hereby authorizes their counsel, upon the Court granting Plaintiffs' Motion for Settlement Approval, to execute the Stipulation of Dismissal with Prejudice on their behalf and file it with the Court. If the Court does not grant Plaintiffs' Motion for Settlement Approval, Plaintiffs' counsel shall be under no obligation to execute or file the Stipulation of Dismissal with Prejudice. Additionally, except as stated in Paragraph 13, if the Court does not grant Plaintiffs' Motion for Settlement Approval, this Agreement shall be void and null.

**6.** **Taxes:** On or about January 31, 2023, Plaintiffs shall receive from Defendants and Defendants shall file with the Internal Revenue Service an IRS Form W-2 and an IRS Form 1099 reflecting payment to Plaintiffs of the Settlement Amount which was received by them in the prior calendar year. Plaintiffs expressly acknowledge and agree that they are responsible for the payment of all federal, state, and local taxes, if any, that is required by law to be paid by them with respect to the Settlement Amount in Paragraph 2 above. Plaintiffs acknowledges and assumes all respective responsibility for paying those amounts, if any, except for Defendants' portion of FICA and/or FUTA, if any and agrees to indemnify and hold harmless Defendants against any such liability for the portion of the Settlement Amount paid to them and their counsel, as the case may be, including any and all interest, penalty or penalties, attorney or other professional fees, costs or expenses arising there from. Plaintiffs acknowledge that they have not received any tax advice, other than to seek advice from a tax professional, from any party or attorney appearing in this Action.

**7.** **Non-Disparagement:** Plaintiffs agree that they shall not make any statement, written, oral, or electronic, which in any way disparages Defendants, including any individual known to be employed by Defendants, or Defendants' business practices. Notwithstanding the provisions of this Paragraph, Plaintiffs shall be entitled to make truthful statements about their employment and their experiences litigating this Action.

**8.** **No Admission of Liability:** Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability, or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy, or order with respect to any claim that Plaintiffs have asserted, could have asserted, or may assert in connection with Plaintiffs' employment with Defendants. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiffs, and have agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

**9.** **No Pending Claims:** Plaintiffs hereby represent that other than the Complaint, they have no pending actions (either jointly or individually), administrative charges or complaints, grievances, or arbitrations involving the released claims against any of the parties with any federal, state, or local administrative agency, judicial tribunal, arbitration tribunal, or otherwise.

**10.** **Choice of Law and Forum:** This Agreement shall in all respects be interpreted, enforced, and governed in accordance with and pursuant to the laws of the State of New York, without regard to conflicts of law principles. Any dispute, claim, or cause of action arising out of, or related to, this Agreement shall be commenced only in a court of competent jurisdiction located in New York, New York or the United States District Court for the Southern District of New York. Such courts shall have exclusive jurisdiction over such claim, dispute, or disagreement, and the Parties consent to the personal jurisdiction of those courts. The parties expressly waive the right to a jury trial in any dispute, claim, or cause of action arising out of, or related to, this Agreement.

**11.** **Effective Date:** This Agreement shall become effective as of the date the Court grants Plaintiffs' Motion for Settlement Approval. In the event the Court does not grant Plaintiffs' Motion for Settlement Approval, except as stated in Paragraph 13, this Agreement will be null and void.

**12.** **Entire Agreement:** The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes and replaces any and all prior agreements, contracts, promises, understandings, or representations, whether oral or written, express or implied, between the Parties hereto. There is no other agreement except as stated herein. Each Party acknowledges that the other has made no promises other than those contained in this Agreement.

**13.** **Severability:** The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision(s) shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

**14.** **Modification and Waiver:** This Agreement may not be changed, modified, or supplemented unless such change, modification, or supplementation is in writing and signed by the Parties. No provision herein may be waived unless in writing and signed by the Party or Parties whose rights are thereby waived. The failure of any Party to insist on strict adherence to any term hereof on any occasion shall not be considered a waiver or deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term hereof.

**15.** **Neutral Construction and Fair Meaning:** Each party to this Agreement was represented by counsel who had the opportunity to review and participate in the drafting of this Agreement and, accordingly, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party will not be employed or used in any interpretation or enforcement of this Agreement. Accordingly, the language and all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any particular Party hereto.

**16.** **Assignment of Claims:** Plaintiffs hereby represent and warrant that they have not assigned or transferred or purported to assign or transfer to anyone any claim, action, or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

**17.** **Counterparts:** This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it and all of which taken together shall constitute one and the same documents. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

**18.** **Headings:** The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

**19.** **Facsimile, Email, and Electronic Signatures:** A facsimile or email copy of this Agreement will have the same force and effect as the original. The use of an electronic signature, including through DocuSign, shall have the same validity and effect as the use of a signature affixed by hand, and the parties hereby waive any objection to the contrary.

20. **Competence and Authority to Execute Agreement:** The undersigned individuals hereby warrant and represent that they are fully competent and have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and/or entities for which or for whom they have signed, and that they are acting within the scope of their authority.

21. **Notices:** Any notice that the Parties are required to give to the other(s) pursuant to this Agreement shall be addressed to such other Party as set forth below and delivered via Electronic Mail. Notice shall be deemed served from the date of such emailing. If multiple Parties are represented by the same attorney, only one notice to such attorney shall be necessary.

| Plaintiffs | Defendants |
| --- | --- |
| Michael Taubenfeld, Esq.<br>Fisher Taubenfeld LLP<br>*Attorneys for Plaintiffs*<br>225 Broadway, Suite 1700<br>New York, New York 10007<br>Tel: (212) 571-0700<br>michael@fishertaubenfeld.com | Danielle E. Mietus, Esq.<br>Franklin, Gringer & Cohen, P.C.<br>*Attorneys for Defendants*<br>666 Old Country Road, Suite 202<br>Garden City, New York 11530<br>Tel: (516) 228-3131<br>dmietus@franklingringer.com |

**AGREED:**

_____       Dated: _____
**AGUSTIN ANTONIO HICIANO NUNEZ**


_____       Dated: _____
**JOSE AYENDE**

_____       Dated: 4/6/22
**2103 HONEYWELL LLC**
By: Ephraim Fruchthandler

_____       Dated: 4/6/22
**EPHRAIM FRUCHTHANDLER**

_____       Dated: 4/6/22
**ELI FRUCHTHANDLER**

**20.     Competence and Authority to Execute Agreement:** The undersigned individuals hereby warrant and represent that they are fully competent and have the full authority to make the representations and warranties contained in this Agreement, and to execute and perform this Agreement, on behalf of the individuals and/or entities for which or for whom they have signed, and that they are acting within the scope of their authority.

**21.     Notices:** Any notice that the Parties are required to give to the other(s) pursuant to this Agreement shall be addressed to such other Party as set forth below and delivered via Electronic Mail.  Notice shall be deemed served from the date of such emailing.  If multiple Parties are represented by the same attorney, only one notice to such attorney shall be necessary.

| Plaintiffs | Defendants |
|---|---|
| Michael Taubenfeld, Esq.<br>Fisher Taubenfeld LLP<br>*Attorneys for Plaintiffs*<br>225 Broadway, Suite 1700<br>New York, New York 10007<br>Tel: (212) 571-0700<br>michael@fishertaubenfeld.com | Danielle E. Mietus, Esq.<br>Franklin, Gringer & Cohen, P.C.<br>*Attorneys for Defendants*<br>666 Old Country Road, Suite 202<br>Garden City, New York 11530<br>Tel: (516) 228-3131<br>dmietus@franklingringer.com |

**AGREED:**

_____          Dated: __4/13/2022_____
**AGUSTIN ANTONIO HICIANO NUNEZ**


_____          Dated: __4/14/2022_____
**JOSE AYENDE**


_____          Dated: _____
**2103 HONEYWELL LLC**
By: Ephraim Fruchthandler


_____          Dated: _____
**EPHRAIM FRUCHTHANDLER**


_____          Dated: _____
**ELI FRUCHTHANDLER**

- 7 -

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
**AGUSTIN ANTONIO HICIANO NUNEZ, and JOSE AYENDE, individually and on behalf of others similarly situated,**

                      **Plaintiffs,**

    -against-

**2103 HONEYWELL LLC, LINEAGE PROPOERTIES LLC, EPHRAIM FRUCHTHANDLER, and ELI FRUCHTHANDLER,**

                      **Defendants.**
------------------------------------------------------------------------X

Docket No.: 21-cv-601 (MKV)

**STIPULATION OF DISMISSAL PURSUANT TO FRCP 41(a)**

WHEREAS, on January 22, 2021, Plaintiffs filed a complaint, which asserted claims for, *inter alia*, alleged unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and New York Labor Law, and related claims under New York Labor Law;

WHEREAS, the parties settled this action based upon arms-length negotiations, the terms of which are incorporated herein by reference, and which have been judicially approved as fair and reasonable; and

WHEREAS, the United States District Court for the Southern District of New York shall retain jurisdiction over all proceedings solely to enforce the terms of the settlement between the parties in this action;

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel for the Plaintiffs and Defendants that this action is hereby dismissed and discontinued in its entirety with prejudice pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.

IT IS FURTHER STIPULATED AND AGREED that this stipulation may be signed in counterparts and a facsimile or electronic signature shall be sufficient for all purposes.

| Fisher Taubenfeld LLP | Franklin, Gringer & Cohen, P.C. |
|---|---|
| By: *Michael Taubenfeld* | By: *[signature]* |
| Michael Taubenfeld, Esq. | Danielle E. Mietus, Esq. |
| 225 Broadway, Suite 1700 | 666 Old Country Road, Suite 202 |
| New York, New York 10007 | Garden City, New York 11530 |
| Telephone: 212-571-0700 | Telephone: 516-228-3131 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |
| Dated: 4/20/22 | Dated: 4/19/2022 |

SO ORDERED:

_____